IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| BETTY PHELPS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 17-3131 |
| | ) | |
| GREAT AMERICAN INSURANCE, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

This is an action for breach of an insurance contract.

Pending is the Defendant's motion to dismiss. Pending also is the Plaintiff's motion for leave to file an amended complaint *instanter*.

United States Magistrate Judge Tom Schanzle-Haskins has filed a report and recommendation, wherein he recommends denying the Plaintiff's motion for leave to file an amended complaint *instanter*. Judge Schanzle-Haskins also directed the Plaintiff to file a response to the Defendant's motion to dismiss.

Both parties have filed objections to the report and recommendation.

I.

The factual background of the case is recounted in the Report and Recommendation. The Plaintiff acknowledges the facts are accurately stated. Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend should be

"freely" given when justice so requires. "Unless it is *certain* from the face of the complaint that any amendment would be futile or otherwise unwarranted, the district court should grant leave to amend after granting a motion to dismiss." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago and Northwest Indiana*, 786 F.3d 510, 519-520 (7th Cir. 2015).

Plaintiff Betty Phelps alleges the proposed amendment of the complaint would not be futile because she alleges facts in paragraphs 13 through 18 that would establish she is a third-party beneficiary of a "forced" insurance coverage policy between United Community Bank of Bunker Hill ("the Bank) and Defendant Great American Insurance Group ("Great American").[1] The Plaintiff owned a commercial building in Bunker Hill, Macoupin County, Illinois ("the Property"), where she ran a fitness center. The Bank held a mortgage on the Property to secure its loan to the Plaintiff.

The Bank was the Named Insured on the Policy, which was issued after the Plaintiff's casualty insurance was canceled and she was unable to obtain additional insurance. In her proposed Amended Complaint, the Plaintiff alleges that upon advising representatives of the Bank of her inability to obtain substitute casualty

---

[1] The Court considers the Policy because the Amended Complaint refers to it and it is central to the Plaintiff's claims. *See Wright v. Associated Ins. Companies, Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994)

2

insurance coverage, a representative told her that the Bank would place her property on its "forced" insurance coverage and the Property "would [] be insured for her benefit on the bank's insurance." *See* Doc. No. 6-1 ¶ 11. The Plaintiff was required to pay the premium for the insurance.

The Declarations page of the Policy contained the following statement in red ink:

> Unless indicated otherwise by endorsement, this policy does not provide coverage ... for the interest or equity of the mortgagor. This is creditor placed insurance, protecting your mortgagee interest, subject to policy terms and conditions. Please read your policy for specific terms and conditions of coverage.

Policy, at 1, Declarations.

The words "you" and "your" in the Policy referred to the Bank as the Named Insured. The words "we" and "us" referred to Great American. Policy, at 2. The Definitions in the Policy include the following:

> A. **Named Insured** means the creditor, lending institution, company, or person holding or servicing the **mortgagee interest** on the **described location**.
>
> B. **Mortgagor** is the purchaser of the **described location** for whom you have financed property or which you are servicing for others under the terms of a written agreement. The **mortgagor** is not a **Named Insured** under this policy.
>
> . . .

<mark>3</mark>

F.  **Mortgagee agreement** means a mortgage, conditional sales agreement, deed of trust, contract for deed, loan contract, contract for sale, or any other instrument creating a security interest in real property.

Policy, Definitions.

The Policy provided that the maximum amount that Great American would pay for a loss:

> b. as respects buildings under **Section 1 – Creditor Placed Insurance**, is the lesser of:
> (I.)   the **Amount of Insurance**;
> (ii.)  the **replacement cost** of the damaged property;
> (iii.) the **actual cash** value of the damaged property; or
> (iv.)  our Limit of Liability appearing in the LIMIT AND DEDUCTIBLE SCHEDULE.

Policy, § V.A.(1)(b), Loss Settlement as Amended by the Actual Cash Value Settlement–Buildings Endorsement. The Policy stated that Great American would be obligated to pay only the portion of the loss that exceeded the deductible up to the maximum amount for the covered loss– $1,000.00 per occurrence in this case.

On March 30, 2015, Great American issued a one-page document entitled Evidence of Insurance. The document is attached to the proposed Amended Complaint. The Evidence of Insurance stated that the Property was covered under the Policy up to a limit of $97,400.00. The Evidence of Insurance referred to the Policy as the Master Policy and listed the Plaintiff as the Borrower and the Bank as the Insured/Lender. The Evidence of Insurance stated the deductible was $1,000.00 for

4

perils caused by fire. The annual premium was listed as $2,289.00. The Evidence of Insurance ended with the following statement in all capital letters and bold face type:

> **THIS COVERAGE IS SUBJECT TO ALL TERMS, CONDITIONS AND EXCLUSIONS OF THE MASTER POLICY. THIS EVIDENCE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICY. IT IS ISSUED AS A MATTER OF INFORMATION ONLY. THIS COVERAGE IS EXCESS OVER ANY OTHER VALID INSURANCE COVERING THE PROPERTY WHETHER COLLECTIBLE OR NOT. FOR A COMPLETE COPY OF THE MASTER POLICY, CONTACT YOUR LENDER.**
>
> **ANY LOSS OR DAMAGE INVOLVING MOLD, MILDEW OR FUNGI OF ANY KIND IS EXCLUDED FROM THE MASTER POLICY.**
>
> **THE PREMIUM ON THIS POLICY IS LIKELY TO BE HIGHER THAN THE PREMIUM ON A POLICY YOU CAN OBTAIN THROUGH YOUR AGENT OR INSURANCE COMPANY. THIS POLICY MAY ALSO PROVIDE LESS COVERAGE THAN THE ONE SECURED THROUGH YOUR AGENT OR INSURANCE COMPANY.**

<u>Evidence of Insurance</u>. The proposed Amended Complaint provides that the Bank charged the Plaintiff the premium for coverage under the Policy. The Plaintiff alleged the Evidence of Insurance was the invoice for the premium. She claims she is a third-party beneficiary of the Policy to the extent of her outstanding debt to the Bank of $97,400.00 secured by the mortgage on the Property.

A second fire occurred on the Property on or about January 28, 2016. Gateway

Adjusters of Collinsville, Illinois inspected the Property and estimated the replacement cost value of the loss to be $119,659.83.

Subsequently, the City of Bunker Hill issued a "Notice of Nuisance" for the Property and the South Parcel. Because the buildings on the Property and the South Parcel had a common supporting wall and the damage to the building on the South Parcel was so severe that the building needed to be demolished, the building on the Property also had to be demolished.

The City demolished the building on the Property. The Plaintiff alleges she was required to pay the demolition costs which totaled $19,500.00.

On September 13, 2016, the Plaintiff's counsel contacted Great American and offered to settle the claim of loss on the Policy for $43,500.00, or approximately half of the Plaintiff's outstanding indebtedness on the loan from the Bank secured by the mortgage on the Property.

On September 20, 2016, Great American responded and advised its position was that the Policy covered the cost of additional repairs attributable to the 2016 fire that were not included in the costs necessary to make the repairs attributable to the 2014 fire. The Great American representative stated the cost of the additional repairs was $683.74. Because this amount was under the $1,000.00 deductible, Great American's position was that the loss did not exceed the deductible and denied the

claim.

The Plaintiff claims Great American breached the Policy by refusing to pay the claim for the loss resulting from the 2016 fire and, as a result, she is still obligated to pay the Bank the $97,400.00 debt secured by the Property.

II.

Judge Schanzle-Haskins recommended that the Plaintiff's motion for leave to file an amended complaint be denied because the amendment would be futile. He found that she was not a party to the contract and, further, that the Bank and Great American did not intend that the Policy would confer a direct benefit on her so she did not qualify as a third-party beneficiary. Judge Schanzle-Haskins observed that the language of the Policy does not overcome the presumption that the parties did not intend to confer a direct benefit on the Plaintiff.

Judge Schanzle-Haskins disagrees with the Plaintiff's argument that the Evidence of Insurance shows that the Parties intended to confer a direct benefit on the Plaintiff under the Policy. He notes that the document is for informational purposes and does not change any of the provisions of the contract. Judge Schanzle-Haskins states that the last two sentences of the Evidence of Insurance do not show an intent to confer a benefit on the Plaintiff. Rather, they advise the Plaintiff she would be better off trying to find insurance elsewhere. Accordingly, the Evidence of Insurance

would not be sufficient to overcome a motion to dismiss.

In objecting to the report and recommendation, the Plaintiff asserts that the statements in the Evidence of Insurance would make no sense if there was no intention to provide a direct benefit to her. Specifically, there would have been no reason to inform the Plaintiff that the premium on the Great American policy would be higher than the premiums on a regular policy and that the policy may provide less coverage than a regular policy that she might secure. Great American drafted the language which can only be interpreted to suggest that the type of coverage will be of limited value to the Plaintiff–and that she perhaps should consider obtaining individual insurance coverage.

Additionally, the Plaintiff alleges in the proposed amended complaint that Great American had knowledge she was being charged premiums. According to the Plaintiff, these statements and the surrounding circumstances are enough to overcome the presumption that the Parties did not intend for the coverage to benefit the Plaintiff. This is contrary to a conclusion that Great American did not intend for the Plaintiff to have any interest in the policy.

The Court agrees with Judge Schanzle-Haskins's analysis. The language of the insurance contract governs and it is unambiguous in stating that the policy does not provide coverage for the mortgagor. Moreover, the Evidence of Insurance document

expressly states it is for informational purposes only and subject to the terms and conditions of the Policy. As Judge Schanzle-Haskins states, the Plaintiff's claims fail because the express terms of the Policy do not establish an intent to directly benefit the Plaintiff as a third-party beneficiary of the Bank's insurance coverage.

In the Report and Recommendation, Judge Schanzle-Haskins also observes that the statement by Bank representatives that the Property "would be insured for her benefit on the Bank's insurance," when read favorably to the Plaintiff, could be a declaration of an intent by the Bank to confer a benefit on the Plaintiff by placing the Property under the Policy. However, Judge Schanzle-Haskins further states that the statement does not suggest that Great American intended to benefit the Plaintiff directly, particularly in light of the clear language in the Policy that Great American only intended to insure the Bank. Accordingly, the single statement by a Bank representative would not be sufficient to overcome the presumption that parties to a contract do not intend to benefit third parties. *See Quinn v. McGraw-Hill Companies, Inc.*, 168 F.3d 331, 334 (7th Cir. 1999). Judge Schanzle-Haskins found, therefore, that amendment of the Plaintiff's complaint would be futile and recommended denial of the motion on that basis.

The Court agrees with that analysis and concludes that a single statement of a Bank representative would not overcome the presumption that Plaintiff is not a third-

9

party beneficiary. Because the language of the contract is unambiguous, moreover, the Court need not resort to parol evidence to determine its meaning. *See Bourke v. Dun & Bradstreet Corp.*, 159 F.3d 1032, 1037 (7th Cir. 1998). Consequently, the Court agrees that leave to amend would be futile. Justice does not require granting the Plaintiff's motion under Rule 15(a)(2).

Because the Plaintiff is not an insured or third-party beneficiary under the Policy, the Court concludes that the Plaintiff's complaint is deficient and the amended complaint would be futile.

Ergo, the Court hereby denies the Parties' objections and Adopts the United States Magistrate Judge's Report and Recommendation [d/e 10].

The Plaintiff's Motion for Leave to File an Amended Complaint *Instanter* [d/e 6] is DENIED.

The Defendant's Motion to Dismiss the Complaint [d/e 2] is ALLOWED.

The Plaintiff's Complaint is Dismissed with prejudice.

The Clerk will enter Judgment and terminate this case.

ENTER: January 2, 2018

    FOR THE COURT:

        /s/ *Richard Mills*
        Richard Mills
        United States District Judge